UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA O., <br>         Plaintiff, <br> v. <br> MARTIN O'MALLEY, et al., <br>         Defendants. | Case No. 23-cv-04857-VC <br><br> **ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 9, 10 |

      The claimant's motion for summary judgment is granted in part, and the Commissioner's cross-motion for summary judgment is denied. The case is remanded to the Social Security Administration for further proceedings. This ruling assumes that the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

      1. When assessing the claimant's residual functional capacity, the ALJ needed to consider "all" of her medically determinable impairments, including impairments that the ALJ concluded were "not severe." 20 C.F.R. § 404.1545(a)(2); *see also Loader v. Berryhill*, 722 F. App'x 653, 654–55 (9th Cir. 2018). But the ALJ neglected to consider the claimant's mental impairments when assessing her RFC: The ALJ did not mention any mental impairments beyond step two of the evaluation process. The ALJ did not include any limitations reflecting the claimant's mental impairments in her RFC. And the ALJ did not specify why the claimant's mental impairments did not limit her ability to work. Instead, the ALJ merely asserted that the RFC assessment "reflects the degree of limitation" found in the ALJ's analysis at step two. But the ALJ needed to say more. An impairment that is not severe can still limit a claimant's ability to work, especially

when considered in combination with the claimant's other impairments. That is why the evaluation process calls for "a more detailed assessment" of mental impairments at the RFC stage than at step two, as the agency itself has emphasized. SSR 96-8P, 1996 WL 374184, at *4–5 (S.S.A. July 2, 1996); *see also, e.g.*, *Victor R. v. O'Malley*, No. 23-cv-501-GPC-BGS, 2024 WL 392616, at *5 (S.D. Cal. Feb. 1, 2024); *Darren Jeffrey C. v. Kijakazi*, No. 21-cv-1012-AHG, 2022 WL 4474261, at *10 (S.D. Cal. Sept. 26, 2022).

      2. Even if it were appropriate for the ALJ to incorporate her step two findings by reference at the RFC stage, the ALJ still erred when assessing the claimant's RFC. Judging by the absence of any reference to mental limitations in the RFC, the ALJ must have concluded that the claimant's mental impairments did not affect her RFC at all. But that determination is not supported by the record. The claimant has been diagnosed with several mental health conditions, including major depressive disorder and generalized anxiety disorder. And she reported a host of mental health symptoms: that she often felt depressed and anxious, struggled with stress, needed reminders to take care of daily personal needs like showering and taking medication, rarely spent time with others, had trouble focusing and sometimes sleeping, and was prone to mood swings, including bouts of irritability—just to name a few. The ALJ countered by pointing to other details in the record, such as the claimant's ability to maintain eye contact at her consultative examination and her ability to pay bills and shop by mail. But that evidence suggests only that the claimant's mental health problems could have been worse, not that they didn't limit her ability to work at all. The ALJ's contrary conclusion was therefore error.

      3. That was not the only questionable part of the ALJ's analysis. For example, at the RFC stage, the ALJ said she was discounting the claimant's "statements concerning the intensity, persistence, and limiting effects" of her alleged symptoms. But the ALJ did not identify which parts of that testimony she was rejecting, as the ALJ was required to do. *See Treichler v. Commissioner of the Social Security Administration*, 775 F.3d 1090, 1102–03 (9th Cir. 2014). And it is not clear whether the ALJ adequately credited the claimant's testimony about her headaches, sensitivity to light, and eye dryness, all of which appear to have only worsened over

the years despite continuous treatment. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1199–204 (9th Cir. 2024). But because the ALJ erred in how she handled the claimant's mental impairments at the RFC stage, the case can be remanded on that basis alone.

All told, the record strongly suggests that the claimant is disabled. But because that outcome is not quite a given, the case is remanded for additional proceedings consistent with this ruling. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495–96 (9th Cir. 2015).

**IT IS SO ORDERED.**

Dated: April 4, 2024

_____
VINCE CHHABRIA
United States District Judge